### Thraves v. Bankers Oil Company.

(Decided November 3, 1922.)

### Appeal from Estill Circuit Court.

1. Pleading—Special Demurrer.—A special demurrer to a petition, by which the jurisdiction of the court is drawn in question, goes only to the allegations of the petition, and if they do not show jurisdictional deficiency, the demurrer will not lie.
2. Pleading—Special Demurrer—Jurisdiction.—Where a petition does not show that the county where the action was brought is not the proper county in which to bring it, an objection to the jurisdiction of the court cannot be made by special demurrer, but can only be made as provided in section 118 of the Civil Code.

E. C. O'REAR and W. L. WALLACE for appellant.

BENTON & DAVIS for appellee.

Opinion of the Court by Judge Moorman—Reversing.

The only question presented on this appeal is that of the correctness of the trial-court's ruling in sustaining a special demurrer to appellant's petition filed in the Estill circuit court.

The petition alleges that on March 5, 1918, the appellee, Bankers Oil Company, employed appellant, W. V. Thraves, to superintend, manage and develop some oil and gas leases owned by appellee, and, as consideration therefor, agreed to issue to him twelve thousand five hundred shares of the capital stock of appellee when and as soon as it, through its earnings or profits, by the sale of its leases or parts of them, had paid or was able to repay to the subscribers of the capital stock of the company, as then subscribed, fifty thousand ($50,000.00) dollars, plus six (6%) per cent interest from the date of the contract; that he accepted the employment and entered upon the discharge of his duties in the management and development of the properties, and continued the development until October 12, 1918, when, without his consent, and without cause, appellee wrongfully discharged him and refused longer to have or keep him in its service as superintendent and manager of the leasehold properties; that when he was discharged he had developed a number of valuable oil wells on the property, and appellee had paid, or was able to pay, to its stockholders, from the earnings of the property, all their entire capital stock subscribed, to the extent of fifty thousand ($50,000.00) dollars; and that the leases were then worth and could have been sold for more than a hundred per cent above their face value of fifty thousand ($50,-000.00) dollars after the payment of the stock subscriptions of that amount, with accrued interest and other charges against the same. It was further alleged that appellee had failed and refused to issue to appellant any of the twelve thousand five hundred shares of stock; that the net value of that amount of stock was at least thirty-five thousand ($35,000.00) dollars, and by reason of the wrongful acts of appellee, plaintiff had been deprived of the benefit of his contract, to his damage in the sum of thirty-five thousand ($35,000.00) dollars.

Appellee demurred specially to the petition on the ground that the Estill circuit court had no jurisdiction of defendant or the subject matter of the action, and at

the same time filed a plea to the jurisdiction, wherein it alleged facts showing that the venue of the action, under section 72 of the Civil Code, was not in Estill county.

Appellant demurred to the plea to the jurisdiction, and both demurrers coming on to be heard the trial court overruled the special demurrer to the petition and sustained the demurrer to the plea to the jurisdiction, but, on reconsidering its rulings in that respect at a subsequent term of court, sustained the demurrer to the petition. Appellant declined to amend his petition, the court dismissed it, and appellant prayed and was granted an appeal to this court.

The contract is set out in the petition. Its language with reference to the employment is, that the appellee "has employed W. V. Thraves as general manager of its company, and said Thraves has accepted said employment upon the following terms and conditions, to-wit: Said Thraves is to, and agrees to, manage the development of the leases of the party of the first part, known as the Congleton, Hubbard and Richardson leases; to engage contractors to drill; purchase supplies and to do everything necessary to look after and attend to the development and operation of said leases," etc.

In argument, counsel on each side attempt to apply section 72 of the Civil Code of Practice to the contract under consideration, with the view of fixing the venue of an action for its breach. Among the authorities cited in support of the respective contentions are Currie Fertilizer Co. v. Krish, 24 Ky. Law Rep. 2471; Glasscock v. Louisville Tobacco Warehouse Co., 31 Ky. Law Rep. 702; Job Iron & Steel Co. v. Clark, 150 Ky. 246, and Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431. There is no conflict in these opinions as to the meaning of the provisions of section 72 of the Civil Code. The conclusion reached in each case was the result of the application of the Code provision to the facts then under consideration, it being uniformly decided, where the county of the performance is relied on as a jurisdictional fact, that the contract must be wholly, or in all of its essential parts, performable in that county in order to confer jurisdiction. Both parties seem to concede the correctness of this rule and in view of that fact it is not necessary to discuss the authorities cited. The only question presented on this appeal, as we have observed, is whether the ruling on the special demurrer to the petition was proper; and for the purpose of deciding that

question we must look to the language of the petition, as well as the substance of the contract, for it is by the petition and the contract that the propriety of the trial court's action must be determined.

It is contended for appellee that the language quoted shows the duties of appellant, under the contract, to have been broad and general and not localized to Estill county. We cannot give the contract that construction. On the other hand, we do not feel warranted in construing it as localizing the duties of appellant to Estill county. In fact, the place of performance is not perceivable from the contract itself and, consequently, we are compelled to rely on the averments of the petition and to ascertain therefrom, if it can be done, where the contract was to be performed.

A special demurrer is an objection to a pleading which may show, among other things, that the court has no jurisdiction of the defendant or the subject matter of the action. Section 92, Civil Code. And it has been held that if the petition does not show jurisdictional deficiency, a special demurrer will not reach the question, but the objection must be made as required by section 118 of the Civil Code. L. & N. R. R. Co. v. Mitchell, 162 Ky. 253; Fentzka's Administrator v. Warwick Construction Co., 162 Ky. 581, and L. & N. R. R. Co. v. Stewart, 163 Ky. 165. The petition in this case does not show that the chief officer or agent of appellee did not reside in Estill county or that the contract was not made in that county or was not to be performed there. There is, therefore, nothing in the petition to show that the Estill circuit court had no jurisdiction of the suit, and where the petition fails to show that the county where the action was brought is not the proper county in which to bring it, a special demurrer will not lie. Appellant did raise the jurisdictional question, as it had the right to do, by a proper pleading, the allegations of which show that the Estill circuit court was without jurisdiction, but that plea is not here. So looking, as we must, to the averments of the petition and the provisions of the contract, we fail to find anything that would deprive the Estill circuit court of jurisdiction of the cause under section 72 of the Civil Code, and in view of that fact it was error to sustain the special demurrer.

Since the case is to be remanded, we deem it proper to say that the plea to the jurisdiction was sufficient for the purposes intended, and appellant's demurrer thereto

should have been overruled. If, on the return of the case, that plea is controverted, the jurisdictional issue may be determined on evidence introduced.

The judgment is reversed.