## National Seed Company v. Leavell, et al.

(Decided March 14, 1924.)

### Appeal from Christian Circuit Court.

1. Pleading—Objection to Jurisdiction Raised by Demurrer Must Appear Upon Face of Petition.—Where petition for breach of warranty in sale of seed alleged that contract for the purchase of seed was jointly made by two defendants in the county and one of them was located and served in that county, service of summons on the other in another county was prima facie authorized, and a special demurrer on the ground of lack of jurisdiction of the court was properly overruled; the objection to jurisdiction not appearing upon the face of the petition.

2. Abatement and Revival—Objection to Jurisdiction Waived by Other Proceedings Before Making Proper Objection.—Improperly filed special demurrer, followed by a motion to elect and by a general demurrer, before making an objection to the jurisdiction in the ·proper manner, had the effect to waive that question, and to require defendant to try the case on its merits, and the court properly ruled that plea in abatement because the action was not brought in the proper county came too late.

3. Customs and Usages—Custom· Cannot be Relied on to Contradict Terms of Contract.—No custom, however well founded, may be relied on to contradict an express warranty, though the contract be verbal, especially where defendant denies any contract whatever.

4. Customs and Usages—Must be Fixed, Definite, and Certain, and Known Actually or Presumptively.—A custom, in order to become a part of terms of a contract, must be fixed, definite, and certain and known to the parties, or its existence must have been for such a length of time as to create the presumption that it was known.

5. Customs and Usages—Evidence Not Relating to Time of Contract Properly Excluded.—Evidence of a custom, if otherwise admissible, was properly excluded when it related to the time of trial

and not to the date of the contract sued on, and there was no offer to prove its extent or duration.

6. Sales—Nonwarranty Clause on Tags on Bags Held Not to Prevent Implied Warranty.—Implied warranty in the sale of seed held not precluded because the bags in which the seed was shipped bore tags containing a nonwarranty clause.

7. Principal and Agent—Authority of Traveling Salesman to Warrant Seed.—Traveling salesman who sold seed held to have authority to warrant the same.

8. Sales—Evidence Held to Sustain Finding of Sale by Defendant to Plaintiff.—In an action for breach of warranty in sale of seed evidence held sufficient to sustain a finding of a sale by defendant to plaintiff, though a local company made collections.

DAVIES, PAGE & DOWNING and JOHN T. EDMUNDS for appellant.

SELDEN Y. TRIMBLE and DOUGLAS BELL for appellee S. J. Leavell.

JOHN STITES for appellee Young Hardware Company.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, S. J. Leavell, is a farmer living in Todd county near Trenton, Kentucky. He filed this action in the Christian circuit court against appellant, National Seed Company, and appellee, Young Hardware Company, defendants below, seeking a recovery against them jointly for damages growing out of a breach of warranty of a purchase of forty bushels of millet seed which he alleged in his petition was made by him on the 7th day of May, 1919, in Hopkinsville in the storehouse of the defendant, Young Hardware Company, and that defendants warranted the seed to be Tennessee type big headed German millet of good quality and suitable for seed purposes. In a second paragraph he averred that defendants fraudulently represented to him that the seed was of the character named when in truth and in fact they were not and were known by defendants not to be so; and he claimed damages in the sum of $5,995.00. As a basis therefor he alleged that the seed was not of the kind mentioned, but was of an inferior grade of western millet, and that the difference in the value of the two crops, which would and could have been grown during that season was the amount sued for.

The defendant, Young Hardware Company, admitted in its answer that plaintiff purchased the quality of

millet seed claimed in his petition, but denied that it sold to him the seed and alleged that the sale was made exclusively by its co-defendant, National Seed Company. The latter first filed a special demurrer to the petition, which was overruled. It then moved the court to require plaintiff to elect whether he would prosecute his action for a breach of warranty or for the alleged deceit, which was also overruled, and it filed a general demurrer to the petition which shared a similar fate, and it then filed its answer in which it denied making the sale of the seed to plaintiff, and also denied the warranty or the deceit as well as the damages. In a second paragraph it pleaded that it was a Kentucky corporation, with its principal office and place of business in the city of Louisville, and that the Christian circuit court had no jurisdiction of the action against it and it asked that it be abated. That motion was overruled and upon trial before a jury there was a verdict in favor of the plaintiff against the National Seed Company for the sum of $1,500.00, but the jury returned a verdict in favor of the defendant, Young Hardware Company. The motion of the National Seed Company for a new trial was overruled, and it prosecutes this appeal insisting through its counsel on a number of alleged errors committed by the trial court.

The first one to which we will direct our attention is the jurisdiction of the Christian circuit court. The petition did not show on its face a want of jurisdiction of that court of the case against appellant, but on the contrary it appeared therefrom that the contract for the purchase of the seed was jointly made by the two defendants in Christian county. One of them was located and served in that county, which *prima facie* authorized the service of summons on appellant in Jefferson county. That being true, the special demurrer filed by appellant was properly overruled, since the objections to the jurisdiction of the court sought to be raised by it did not appear from the face of the petition. Hughes v. Shehan, 192 Ky. 619, and other cases referred to therein. The improperly filed special demurrer, followed by the motion to elect and by the general demurrer, before relying on the objection to the jurisdiction in the proper manner had the effect to waive that question, and to require appellant to try the case on its merits. McDowell v. C. O. & S. W. Ry. Co., 90 Ky. 346; Gillen

v. Illinois Central Railroad Co., 137 Ky. 375, and Illinois Central Ry. Co. v. Glover, 24 Ky. L. R. 1447. The court, therefore, properly ruled that the plea in abatement came too late.

It is next insisted that the court erred in excluding offered evidence by appellant to prove an alleged custom attempted to be pleaded in the answer to the effect that in the sale of seeds, such as we have here, there is no warranty of either kind or quality; and also erred in refusing to instruct on such custom. It might be well doubted whether the alleged custom could be given any defensive effect under the facts of this case; if it had otherwise measured up to the legal requirements in order to justify reliance thereon, since no custom, howsoever well established, may be relied on to contradict the express terms of a contract; and plaintiff relied in this case on an express warranty. The same question was involved in the very recent case of Hobdy and Read v. Siddens, 198 Ky. 195, and the same contention was therein denied, although the contract of purchase in that case was a verbal one as is true here. That a custom may not defeat an express provision of a contract is also held in the cases of Clarke v. Blue Lick Springs Co., 184 Ky. 827; Columbia Malting Co. v. Glenmore Distilleries Co., 150 Ky. 229, and Ten Broeck Tyre Co. v. Rubber Trading Co., 186 Ky. 526. The last cases referred to, however, involved written contracts, about the terms of which there was no contention or contrariety of evidence, so that where the contract was verbal and there was a dispute as to its terms it would no doubt be competent to rely on a properly shown custom relating to the character of transaction involved, but it is difficult to see wherein that could be done under the facts of this case. Appellant here denies *in toto* that it ever made any contract of sale to plaintiff of any millet seed upon *any* terms whatever, and it is therefore unlike a case where the contract was admitted but the parties differed as to its terms.

Moreover, a custom, in order to become a part of the terms of a contract, must be fixed, definite and certain, and known to the parties, or its existence must have been for such a length of time as to create the presumption that it was known. It was neither pleaded nor offered in evidence in this case that the alleged custom even had an existence in the neighborhood or vicinity of the

place of the contract *at the time* it was made. The offered testimony was given two years and five months after the transaction sued on, and the rejected testimony only offered to prove its existence *at that time*. But even then there was nothing in the offered testimony to show the *extent* of the custom or its *duration*; and for those reasons also the rulings of the court complained of were proper. Clarke case, *supra*; Clift v. Harp, 191 Ky. 295; Caldwell v. Dawson, 4 Met. 121; Huston v. Peters, 1 Met. 558, and Kendall v. Russell, 5 Dana 501.

It is next insisted that there can be no implied warranty in this case because upon the bags in which the seed was shipped were tags tied to them containing a non-warranty clause; but the Hobdy and Read case, *supra*, gave an adverse answer to the same condition. Furthermore, no tags containing any such non-warranty clause were introduced in this case; neither were they proven to have been lost nor their contents sought to be established by parol proof. And for the reasons stated this contention must necessarily be denied.

It is again insisted that the traveling salesman of appellant, and with whom the purchase was alleged to have been made, had neither express nor implied authority to warrant the seed, and if he did attempt to do so it was in excess of his authority and not binding on appellant; but that same contention was also determined otherwise in the Hobdy and Read case, *supra*, which is in full accord with the law generally relating to the implied authority of an agent.

Lastly, it is contended that appellant made no sale of the seed nor any warranty in connection therewith. On that issue plaintiff and two members of the Young Hardware Company testified and they each stated that the sale of the seed was made to plaintiff by the traveling agent of appellant with the understanding that the shipment should be made to plaintiff at Trenton, Kentucky, but the bill therefor should be sent to the Young Hardware Company, who would collect the bill at the rate of four dollars per bushel and retain seventy-five cents per bushel as its commission or pay for its services in carrying out the full execution of the contract. Appellant's agent denied that testimony, though he admitted that Mr. Leavell, in the conversation with him, stated the character of millet seed he wanted, and that the agent showed him some seed of that kind being

a part of a small but insufficient quantity then in the house of the Young Hardware Company. He later made a visit to the farm of plaintiff after it was demonstrated that the seed was not the kind purchased. It is not necessary to make a detailed statement of the evidence, further than has been done, since it would serve no useful purpose to any one. It is sufficient to say that the jury under proper instructions found against appellant and that verdict is fully sustained by the evidence. Other cases upholding liability in sales of this kind are: Gardner v. Winter & Company, 117 Ky. 382, and Yandell v. Anderson and Spillman, 163 Ky. 702.

It is insisted, however, that in the Yandell case it was held that under certain circumstances no implied warranty would arise, because of the circumstances attending the sale, which the court said usually followed "where the purchaser and seller have equal means of knowledge as to the kind or fitness of the thing for the purpose of which it is sold, and where the seller informs the purchaser that he had no knowledge of the article purchased;" or where the words or conduct of the parties were such as to show that the sale was made with the understanding that the purchaser would take the goods as they were. No such qualifying facts appear in this case, and this contention of appellant is without merit. The Gardner case is also authority for the right of plaintiff to join in his petition the two paragraphs, one based upon the warranty and the other upon deceit.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.