## Roberts v. Roberts et al.

(Decided February 4, 1930.)

J. L. STIDMAN and G. B. STAMPER for appellant.

R. A. DUNN for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellant, Elijah Roberts, brought this suit in ejectment against the appellees, who are the widow and children of his deceased brother, Obe Roberts. He testified that he bought the property, which consists of about 30 acres of rough land on Apple Tree Branch, in Breathitt county, from his brother 45 or 50 years ago for $25 in cash and a mule worth $75 and took possession under a title bond which had been lost. However, he claimed title in this suit by reason of adverse possession. The existence of a title bond and this trade is proven by the statement of Obe Roberts to that effect made to a number of witnesses from time to time. He stated that his brother had agreed in the bond to make him a deed but had always refused to do so. On one occasion about a year before his death, some two years before this suit was filed, Obe refused to give him a deed because his wife wanted "that branch" and said he would swap him another piece of land on Upper Still House Branch on which appellant seems to have been living.

After appellant had lived on this property about 30 years, he went to Wisconsin to reside, but claims that he left his land in charge of his brother and that upon his return his brother turned it back to him. The evidence, it seems to us, is pretty clear that before going West appellant had become involved in a criminal prosecution and Obe paid his attorney's fees. Not being able to repay his brother, it was agreed by them that appellant would give back the land, and this was done by canceling the agreement to convey; the parties deeming this sufficient, since no deed had ever been executed. Upon his return to Breathitt county it is shown that Obe permitted Elijah to live on this place for some time, but five or six years before his death appellant was found guilty of forcibly detaining the property from Obe and was dispossessed, although this proceeding is not relied on in bar of the present suit.

It is shown that Obe paid the taxes on this land, but plaintiff testified he had repaid them to his brother in work. It is further shown by several witnesses that they had at different times rented this place from Obe and that he was recognized as the owner by Elijah and others. One witness rented the place from Obe for five years next before 1919, and another bought the timber

from him. There are other corroborating facts and circumstances clearly manifesting the correctness of the judgment that appellant was not entitled to the property. The case presents a simple question whether appellant sustained his right to the property under his claim of adverse possession, and citation of authority respecting the right is unnecessary.

The appellant was incompetent as a witness respecting transactions with his deceased brother, as was also the appellee ,Obe Robert's widow regarding what her husband had told her. There was much other incompetent and immaterial evidence introduced. General exceptions were filed to the depositions of the plaintiff without specifying the particular questions excepted to, and exceptions in proper form were filed to the depositions taken in behalf of the defendant, but it does not appear that the trial court was asked to rule on those exceptions, and he did not do so. Consequently, the objections were waived. See numerous notes to section 589, Civil Code of Practice. If we should follow the rule laid down in Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98, and not consider the testimony of these incompetent witnesses, then there was no evidence whatever to sustain appellant's pleading.

The judgment is affirmed.