## Smithers' Administrator et al. v. Schmitt et al.

(Decided April 20, 1934.)

(As Modified on Denial of Rehearing June 15, 1934.)

696

HARGADON & McNALLY and W. T. McNALLY and C. P. BRAD-
BURY and HARDIN H. HERR for appellants.

SIMEON S. JACOBS and CHAS. W. CLANCY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

On November 15, 1925, Mrs. Kate Smithers died
intestate, a resident of Bullitt county, Ky., leaving sur-
viving her as her sole heirs at law Susie Smithers Mc-
Cormick, Kora Smithers Leaman, and Phillip Smithers.
On March 8, 1926, Kora Smithers Leaman qualified as
the administratrix of her mother, gave bond, and took
into her possession all the personal property of the de-
ceased. On July 5, 1931, Kora Smithers Leaman died
intestate a resident of Jefferson county, leaving sur-
viving two daughters, Louise Leaman Schmitt and Eva
Leaman Carlton. Thereafter in 1931, Jasper Hagan
was duly appointed by the Jefferson county court ad-
ministrator of the estate of Kora Smithers Leaman and
gave bond. On October 21, 1932, J. E. Chappel was
appointed administrator de bonis non of the estate of
Kate Smithers, deceased, by the Bullitt county court
and duly qualified. On October 21, 1932, this action was
filed by J. E. Chappel as administrator de bonis non,
Susie Smithers McCormick and her husband, and Phil-
lip Smithers against Louise Leaman Schmitt, Eva Lea-
man Carlton, and their husbands, and Jasper Hagan, as
administrator of the estate of Kora Smithers Leaman.
It was alleged in the petition, in addition to the facts
above stated, that Kate Smithers owned at her death
personal property of the value of $1,035.43, also other
personal property, the value of which was unknown to

the plaintiffs; that Kate Smithers Leaman as administratrix of her mother's estate had made no settlement of her accounts and had not accounted to the plaintiffs Susie Smithers McCormick and Phillip Smithers, who were each entitled to one-third of the estate after the debts were paid. They prayed that the personal representatives of Kora Leaman be required to settle her accounts as personal representative of Kate Smithers before the master commissioner and that the action be referred to the commissioner to report, and for an account and settlement of the estate, and for all proper relief.

The defendants demurred to the petition generally and also specially for the want of jurisdiction in the Bullitt circuit court. The court overruled the demurrer. Later the defendants entered a motion to set aside the order of the previous term overruling the demurrer to the petition, and on April 14, 1933, the court entered an order reciting that the motion had been taken under submission, and concluding with these words:

> "And the above styled action coming on to be heard and the testimony of the plaintiffs being heard and the court being advised, it is ordered by the court, that the special demurrer of the defendanst, Jasper Hagan, Administrator of the estate of Korah Leaman, deceased, Eva Leaman Carlton and Joseph Carlton, her husband, be and the same is hereby sustained by the court that the general demurrer of the defendants, Jasper Hagan, Administrator of the estate of Korah Leaman, deceased, be and the same is hereby sustained, to which the plaintiffs except, and it is further ordered by the court that the above styled action be and the same is hereby dismissed at the plaintiffs' cost, to all of which plaintiffs except and pray an appeal to the Court of Appeals, which is granted."

The case is before us on the plaintiff's appeal. The record does not contain any evidence heard by the circuit court, and it is insisted that the judgment must be affirmed for this reason.

A demurrer admits the truth of all the allegations in the pleadings demurred to. No evidence can be considered on a demurrer. The only question is this, Does the pleading state a cause of action when all of the facts

alleged in it are admitted to be true? If the evidence introduced before the circuit court had been brought here, it would have thrown no light on this question, and therefore the omission of this evidence from the record is wholly immaterial. Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757; Thraves v. Bankers' Oil Co., 196 Ky. 362, 244 S. W. 698; Newman on Pleading, sec. 540. The only question is, did the petition state a cause of action? By section 65 of the Civil Code of Practice it is provided as follwos:

> "An action to settle the estate of a deceased person * * * must be brought in the county in which such personal representative * * * qualified, and for the purpose of a settlement of such estates, such personal representative * * * shall have the same power to sue as had the deceased person."

It is alleged in the pleading that Kate Smithers died a resident of Bullitt county, and that Mrs. Kora Smithers Leaman qualified as her administratrix in the Bullitt county court. The action to settle the estate of the decedent was properly brought in the county in which her personal representative qualified. The fact that the latter lived in Jefferson county is immaterial, or that her administratrix qualified there. This is simply an action for the settlement of the accounts of the personal representative of Kate Smithers, and was properly, under the statute, brought in Bullitt county. The two children who had received no part of the estate were parties in interest and had a right to bring this suit. The fact that they joined with the administrator de bonis non in no manner affects their rights, and in fact it was proper to join him as a party to the action that the whole matter might be settled in this case. The court erred in sustaining the demurrer to the petition, and should have proceeded to make a settlement of the estate as prayed in the petition, unless a sufficient defense was presented.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the petition and for further proceedings consistent herewith.