## Utterback's Administrator v. Hannan.
## City National Bank of Paducah's Receiver v. Same.

(Decided May 29, 1934.)

A. E. BOYD for appellant J. C. Utterback's administrator.

W. F. McMURRY, Jr., for City National Bank's receiver.

NUNN & WALLER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

These appeals from the same judgment, and prosecuted on the same record, will be considered in one opinion.

The facts are: The Lakeview Country Club, located near Paducah, owed numerous creditors. Among them was Ed D. Hannan, whose claim amounted to a little more than $5,000. Another creditor in a large amount was the City National Bank of Paducah, which was in the hands of a receiver. Pursuant to a resolution of the directors and all the stockholders, all the real estate and personal property belonging to the Club was conveyed and transferred to its president, J. C. Utterback, in consideration of $1,400 cash and his assumption of all the indebtedness of the Club, except its liability to former members, if any. On February 26, 1931, the Club, by Utterback as president, and Utterback individually, executed to Hannan a note for $5,000 payable in four months. In addition to the note which was credited by $100, it is claimed the Country Club owed Hannan two other items of $5.95 and $7.15. After the execution of the note Utterback died testate, and W. V. Eaton qualified as his administrator with the will annexed. On November 19, 1931, Hannan brought a common-law action against the Lakeview Country Club and Utterback's administrator to recover on the note and the other indebtedness, and asked an attachment against the property of the defendants on the ground that neither had any property in the state subject to execution, or enough thereof to satisfy plaintiff's demand, and that the collection of the demand would be endangered by delay in obtaining judgment or a return of "no property found." Attachment was issued and levied on the property which had formerly belonged to the Club. The administrator answered, and, in addition to pleading that the conveyance of the Club's real estate and personal property to Utterback was for a valuable consideration, pleaded that plaintiff was without right or authority to bring or maintain the action, as the suit was brought within less than six months after the death of Utterback, and within less than six months after the qualification of the administrator. Plaintiff demurred to the answer, and without waiving his demurrer filed a reply denying that the conveyance was for a valuable consideration, and pleading that it was in fraud of the Club's creditors. The administrator then filed an amended answer pleading in substance

that by virtue of the conveyance and Utterback's assumption of the indebtedness of the Club, all the creditors alike were entitled to a lien on the property. The demurrer filed to the original answer was extended to the amended answer. The cause was transferred to equity and numerous other pleadings were filed by plaintiff and the administrator.

On June 5th, Jeff H. Hooker, receiver of the City National Bank of Paducah, filed an intervening petition pleading in substance that plaintiff was not entitled to a prior lien, but that by virtue of the deed to Utterback, and his assumption of the liabilities of the Club, all the creditors were entitled to a lien on the property transferred.

On final hearing the court sustained demurrers to the answer, amended answer, and rejoinder of the administrator, and to the intervening and amended petition of the receiver, and they having declined to plead further, judgment was rendered against the Club for plaintiff's debt, interest, and costs, the attachment was sustained, plaintiff was adjudged a prior lien on all the property attached, and the property was ordered sold. The administrator and receiver appeal.

The main question for decision is whether the court erred in not dismissing the action on the ground that it was prematurely brought. Formerly section 428, Civil Code of Practice, permitted a representative, legatee, distributee, or creditor of a deceased person at any time to bring an action in equity for the settlement of his estate, and section 3847, Kentucky Statutes, forbade the bringing of an action against a personal representative within six months after his qualification "except to settle the estate." In the year 1918, subsection 1, sec. 428, Civil Code of Practice was amended by adding the words, "provided that no such suit shall be brought by any of the parties named except the personal representatives until the expiration of six months after the qualification of such representative." Acts 1918, c. 155, p. 657. The result is that no suit of any kind, including a suit to settle the estate, can be brought against an executor or administrator within six months after his qualification, and that any action so brought "shall be dismissed with costs." Kentucky Statutes, section 3847. But appellee insists that the action of the court in refusing to dismiss the suit was proper on the ground of

waiver, and the further ground that no personal judgment was rendered against Utterback's estate. In support of the first ground it is argued that the administrator did not file a special demurrer, or move to dismiss, but filed an answer claiming the property for his decedent. As the petition did not show on its face that the action was brought within less than six months after the qualification of the administrator with the will annexed, neither a special demurrer nor a motion was available, and the only way to raise the question was by answer pleading the facts, as authorized by section 118, Civil Code of Practice, and the mere fact that in the same answer he asserted a claim to the property was not a waiver of his right to have the action dismissed, as required by the statute. Nor do we find any merit in the argument that the action of the court was proper because no judgment was rendered against the estate. The real estate and personal property belonging to the Club were conveyed and transferred to Utterback prior to his death, and being a part of his estate at the time the action was brought were subject to administration by the administrator with the will annexed. There is no difference in principle between a suit against an administrator with the will annexed to recover judgment to be collected out of the estate and an attachment suit by which the estate is subjected without judgment against the estate. In each case the action is against the estate, and its purpose and result is to subject assets belonging to the estate. It follows that the court should have dismissed the action.

As the receiver's intervening petition was dismissed on the sole ground that appellee acquired by the attachment a prior lien on the attached property, and as the action should have been and must now be dismissed on the ground that it was brought in violation of the Code and statute, it results that the case is moot as to the receiver and his appeal will have to be dismissed.

Wherefore, on the appeal of the administrator the judgment is reversed and cause remanded with directions to dismiss the action, and the appeal of the receiver is dismissed.