## Wilcox et al. v. Lee.

(Decided May 5, 1936.)

NOGGLE & GRAHAM and J. H. WOODWARD for appellants.

O. B. BERTRAM for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The petition of E. S. Lee, appellee herein, alleged the ownership and possession of a certain tract of land, the trespass thereon, and removal of trees by the defendants, R. J. Wilcox and A. R. Houk, appellants herein, under a claim of title, to plaintiff's damage in the sum of $75. It prayed for $75 and the quieting of title. The petition was in equity, as authorized by section ·11, Kentucky Statutes. Before answer an "amended petition" was filed. It stated that the allegations of the petition in equity not inconsistent with it were reiterated. In this amendment it was alleged that the defendants had torn down plaintiff's fences and taken possession of a portion of his land, inclosing the same as their own. The acts of the defendants and cultivation, use, and possession of the land were charged to have been wrongful, willful, and malicious, and to have damaged the plaintiff in the sum of $150. The amended petition prayed judgment for such damages, and for the removal and ejection of the defendants from the land. Separate answers traversed the allegations of the petition as amended. They averred ownership and possession of adjoining property and some of the land sought to be recovered, but denied wrongful or unlawful possession. No affirmative relief was asked by either. Replies completed the issue, and the case was tried on depositions.

The appellants contend that demurrers should have been sustained to the petition, since one may not main-

tain an equitable action to quiet title unless he is in possession of the land in question. The demurrers were properly overruled, if for no other reason than that the petition did allege plaintiff's possession. The amended petition converted the suit into an ordinary action in ejectment. Where a petition asking for the possession of land and the quieting of plaintiff's title thereto avers that the defendant is in possession, the action is in ejectment and one at law, although the form of the petition is in equity. Reynolds v. Binion, 177 Ky. 189, 197 S. W. 641. The defendants might then have had the case transferred to the common-law docket by having seasonably moved that it be done. But no such motion was made either before or after the answers were filed. Harrod v. Armstrong, 177 Ky. 317, 197 S. W. 816. The failure to do so was a waiver of the right to transfer and a consent for the judge to try the case without the intervention of a jury. Section 10, Civil Code of Practice; Schenk v. Schenk, 240 Ky. 237, 41 S. W. (2d) 1102. It is therefore apparent that the contention now made that it was error to deprive the defendants of the right of a jury trial cannot be sustained.

The evidence relating to the boundary lines and the extent of adverse possession is conflicting, and in some respects difficult to understand. We are not surprised that the trial judge felt he would be in better position, as he stated, "to render an accurate and correct judgment" by going upon the lands and by having a survey made. The judgment recites that the court announced to all parties and their attorneys that he would appoint the surveyor of an adjoining county to do the surveying of such lines as he should direct, and that on May 8, 1934, they all proceeded to the land. It states that the judge informed the surveyor that he had found the northeast corner of the plaintiff's land to be at a certain point, and then it relates minutely that the surveyor under the specific direction of the judge proceeded step by step to survey and fix the lines as the judge directed. The judgment fixes the boundaries and quiets the title of the plaintiff to the lands thus described. A division of the costs of the suit was adjudged, for the plaintiff did not fully recover all that he sought.

The lengthy judgment concludes

"to all of which the defendants except and pray an appeal to the Court of Appeals of Kentucky, which is granted."

We do not construe this, as do the appellants, as being an objection to the court appointing the surveyor or going upon the land. So far as the judge viewing the premises is concerned, it was a matter within his discretion. Section 318, Civil Code of Practice. Aside from the fact that the record does not disclose any objection to the survey being made, we think it was eminently proper that it should have been done. The recitation in the judgment of what the judge saw as to the fences has no materiality, for it was but a statement of facts brought out, in part at least, in the testimony. The failure to adjudge damages against the defendants is equivalent to finding there was none. Bozeman Mortuary Association v. Fairchild, 253 Ky. 74, 68 S. W. (2d) 756, 92 A. L. R. 419; Haywood v. Gooch, 260 Ky. 667, 86 S. W. (2d) 665.

It is argued that, as this was a suit in equity to quiet title, the burden rested upon the plaintiff to prove his case, and it was not done, as is manifested by the necessity of the judge having to go upon the land and having it surveyed. We do not so regard the action of the court. Whether the case be regarded as a suit to quiet title or an action in ejectment with a waiver of jury, we see no reason for disturbing the conclusions of the trial court in respect to the boundaries in dispute.

Wherefore the judgment is affirmed.