## Coggins v. Coggins.

Jan. 20, 1942.

Anthony Thomson for appellant.

J. A. Edge for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming in part and reversing in part.

Appellant was divorced from appellee in May, 1934, by judgment of the Perry circuit court, in which it was decreed that he should pay her alimony in the sum of $60 per month so long as she remains single and unmarried. At the time of the rendition of that judgment both parties were residents of Perry county. Thereafter appellee removed from Perry county, and at the time of the institution of this action was, and since has been, a resident of Fayette county.

This action was instituted by appellee to recover from appellant the sum of $500 which she alleged was in arrears under the decree of the Perry circuit court. Service of the summons was obtained in Perry county. An attachment was issued and served on the L. & N. R.

Company as garnishee. Defendant's motion to discharge the attachment on the ground that it was issued without requiring plaintiff to give bond was overruled. A special demurrer to the petition was filed in the nature of a plea in abatement. In support of the pleading, defendant filed certified copies of the petition and decree in the divorce case insisting that any claim against him by plaintiff in pursuance of the decree for alimony should be instituted by rule in the divorce action in the Perry circuit court. The special demurrer was overruled. A general demurrer to the petition was sustained, the petition amended, and a demurrer to the amended petition was overruled. Answer was then filed consisting of a general denial, a plea to the jurisdiction of the court, and an allegation that plaintiff was married to a Mr. Farley, or "living in a condition and state of concupiscence and immorality, and contrary to the laws of this Commonwealth, and any claim plaintiff may have against this defendant should be held barred and for nought by reason of the illegal and immoral relationship existing between plaintiff and said Farley." Defendant further alleged that the agreement upon which the judgment for alimony was based was made and entered into for the purpose of severing the marital relationship and facilitating the divorce between the plaintiff and the defendant; that it was made at the instance, request, and persuasion of plaintiff; and, in consideration of defendant's agreeing to pay alimony, plaintiff had agreed not to defend the divorce action, for which reasons the agreement was a fraud upon the court, and is, and should be declared, void as against public policy. The issues were joined, evidence taken on depositions, and the case submitted to the chancellor who gave judgment for plaintiff in the sum of $500, from which judgment this appeal has been prosecuted. The petition did not ask judgment against the railroad company, therefore, appellant was the only real party defendant.

The argument in support of appellant's contention that the court should have sustained the general demurrer is extremely vague but seems to be the same as one of the grounds urged in support of the special demurrer and the plea to the jurisdiction, viz: that an action can not be maintained for the collection of an award for alimony except by rule in the case wherein the alimony was decreed. It must be conceded that a decree awarding alimony may be enforced by rule but that is not the

sole relief available. An action will lie upon a contract created by the award and in such action the obligation created by the award may be reduced to judgment for a sum certain. 15 R. C. L. 898; Gerrein's Adm'r v. Michie, etc., 122 Ky. 250, 91 S. W. 252. If the rule were otherwise, an alimony debtor would be enabled to avoid payment by merely departing from the jurisdiction of the court in which the alimony was awarded, in which case the creditor would be without legal redress. Such a rule would be an absurdity. We therefore are of the opinion that the general demurrer was properly overruled.

We will next direct our attention to the plea to the jurisdiction of the court because of defendant's residence in a county other than that in which the action was brought, and because of the pendency of another action between the parties for the same cause.

Section 78 of the Civil Code of Practice provides that an action of this nature may be brought in any county in which the defendant, or in which one of the several defendants, who may be properly joined as such in the action resides or is summoned.

Section 80 of the Civil Code of Practice provides that in an action brought pursuant to Section 78, against several defendants, no judgment shall be rendered against any of them, upon service of a summons out of the county in which the action is brought, if no one of them be summoned in that county nor resided therein when the action was commenced; nor if the action be discontinued or dismissed as to the defendant who resided or was summoned in that county.

As we have heretofore stated the L. & N. R. Company was not properly joined as a party in the action because no judgment against it has been sought, it was merely served as a garnishee, therefore, the only real party defendant is appellant. Under Section 78, supra, the Fayette circuit court did not acquire jurisdiction of defendant, if seasonable objection to the jurisdiction were made in accordance with Section 92 or Section 118 of the Civil Code of Practice. Section 92 provides that a special demurrer will lie where the court has no jurisdiction of the defendant, or where the plaintiff has not legal capacity to sue, or where another action is pending in this state between the parties for the same cause. Section 118 provides that a party may by answer or

other proper pleading make any of the objections mentioned in Section 92, the existence of which is not shown by the pleadings of his adversary, but that failure so to do is a waiver of any of the objections except as to the jurisdiction of the court of the subject matter of the action. The petition did not disclose that the defendant was a resident of Perry county; nor did it disclose that another cause of action was pending in this state between the same parties for the same cause of action, therefore, the court properly overruled the special demurrer. Thraves v. Bankers' Oil Co., 196 Ky. 362, 244 S. W. 698; Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563. Nor can the facts relied on to defeat the jurisdiction be shown by filing evidence of them with the special demurrer. Louisville & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527.

The remaining question to be determined in respect to appellant's contention concerning jurisdiction is whether the defendant, before answering, waived his right to thereafter object to the jurisdiction. If defendant committed some act prior to the filing of the answer, containing the plea to the jurisdiction, which may be construed to be a voluntary entrance of appearance, the plea to the jurisdiction, subsequently asserted, may not be entertained, because, a litigant will not be permitted to seek a ruling as to the validity of the claim asserted against him in one jurisdiction, then, after adverse decision on the merits thus presented, deny the right of that court to conclusively determine the controversy, and thus avail himself of another jurisdiction which he might conceive will rule more favorably on his contention. By filing the general demurrer, the defendant tested the sufficiency of the allegations of the petition and obtained a decision of the court in respect to the merits of the case, should they be proven as alleged. Obviously under the above reasoning such action entered defendant's appearance and his right to thereafter plead to the jurisdiction must be denied. National Seed Co. v. Leavell, 202 Ky. 438, 259 S. W. 1035; Brumleve v. Cronan, 176 Ky. 818, 197 S. W. 498; Smith v. Wells, 271 Ky. 373, 112 S. W. (2d) 49. Such being our conclusion it is unnecessary for us to determine whether the execution of the bond to discharge the attachment entered the defendant's appearance in accordance with the provisions of Section 690 of the Civil Code of Practice.

Complaint is made that the agreement between the parties that the judgment of the court should recite an award of alimony in the sum of $60 per month was void as against public policy, because it was for the purpose of facilitating the procurement of the divorce. Although this action was started as a suit upon the contract referred to, the reply, which must be treated as an amended petition, changed the cause of action to a suit upon the award and the case was tried on this issue. Therefore, such a defense would be a collateral attack upon the judgment awarding alimony which we have consistently held may not be maintained. Gross v. Paducah Lbr. Co., 9 Ky. Law Rep. 400; Mussman v. Pepples, 232 Ky. 254, 22 S. W. (2d) 605. Neither do we concur in the view that the matter in controversy has been settled by the judgment of the Perry circuit court. The effect of the judgment of the Perry circuit court was to decree that the defendant should pay to the plaintiff the sum of $60 per month. This action is based on the fact that he failed to comply with that order, and asks judgment for sums certain for breach of the obligation incurred by the decree. Obviously this is not a suit for alimony. Alimony has been awarded. It is a suit to determine the amount, if any, due under the award. As we have heretofore pointed out, an award of alimony is a contract of record and is therefore the proper subject of an action at law. 15 R. C. L. page 898; Gerrein's Adm'r v. Michie et al., supra.

Further complaint is made that the chancellor erred in refusing to rule on the exceptions to plaintiff's deposition; but the record fails to disclose the defendant asked the court to act thereon, although the exceptions were duly filed in proper form. In such circumstances the objection that the court did not rule on the exceptions will be deemed to have been waived. Roberts v. Roberts, 232 Ky. 739, 24 S. W. (2d) 554.

It is next contended that the testimony of plaintiff was wholly insufficient to make a case against defendant, but we believe this contention to be without merit. Defendant himself introduced into the record the judgment of the Perry circuit court, thus admitting its existence. He failed to offer any substantive evidence to the effect that the plaintiff had remarried, and, while his contention that plaintiff was living in a state of immorality is a proper matter to be considered on motion for modifica-

tion of the judgment sued on, it is not a defense to an action upon the judgment, which is enforceable until modiled by the court which rendered the decree. It was sufficient to prove that an award of $60 per month had been entered and that certain sums thereunder have become due and were unpaid. Since those facts were not refuted the evidence established plaintiff's right to a judgment in the amount proven, viz: $500.

But so much of the judgment as sustained the attachment must be reversed. No bond was executed to the defendant for damages in the event of wrongful attachment as required by Section 198 of the Civil Code of Practice. The parties at the time the attachment issued were no longer man and wife, therefore, the provisions of Section 2124, Kentucky Statutes, do not apply. It is obvious, therefore, the court erred in overruling defendant's motion to discharge the attachment and in sustaining the attachment in the judgment. Lewis v. Butler, Ky. Dec. 246, 2 Ky. 246; Anderson v. Sutton, 63 Ky. 480, 2 Duv. 480. Wherefore, in so far as it sustains the attachment, the judgment is reversed with instructions to set aside that portion of the judgment and enter an order discharging the attachment. In all other respects the judgment is affirmed.