CASE 99—PETITION EQUITY—MARCH 6.

89   665
c119 277

# Kentucky Mutual Security Fund Company v. Turner, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. INSURANCE UPON ASSESSMENT PLAN—PLEADING LEGAL CONCLUSION.—In an action upon a contract of insurance upon the assessment plan the allegation of the answer that the plaintiff's pro rata of the assessments made to pay him and eight other certificates amounted to no more than the credits admitted in the petition, and that this was all he was equitably entitled to receive, was but a conclusion of the pleader, and did not constitute a good defense, it being alleged in the

petition that there were enough members holding certificates in force to have yielded assessments amounting to more than the maximum amount of the certificate sued on.

2. SAME.—The society had no right to prorate the sum raised by the assessments. The beneficiaries in each certificate were entitled to an assessment on all the members subject to an assessment, for the purpose of paying their policy.

3. CONTRACT AS TO LIMITATION OF ACTION.—Parties to a contract may make a binding agreement as to the time in which an action shall be brought for a violation of their contract.

4. SAME—PARTIAL PAYMENTS.—The rule that a partial payment upon a demand causes the statute of limitations to begin to run, as to the balance of the demand, only from the date of said payment, applies also where the period of limitation is fixed by the contract.

5. OBJECTION TO FORM OF ACTION WAIVED.—Where an action which should have been brought at law is brought in equity, and neither party moves to transfer it, and it is not transferred by the court on its own motion, it is the duty of the court to render judgment according to the rights of the parties.

MARC MUNDY FOR APPELLANT.

1. The demurrer to defendant's answer related back to the petition, and as that did not set up a cause of action of which the court had jurisdiction, it was bad, and the demurrer should not have been sustained against the answer, as the plaintiff had committed the first fault. (Wilie v. Sweeny, 2 Duv., 61; Young v. Duhme, 4 Met., 239; Martin v. McDonald, 14 B. M.)

2. The chancery court in Jefferson county has only such equitable jurisdiction as the circuit courts have in their respective counties. (Civil Code, sec. 769.)

Its jurisdiction only attaches where the law courts can not give an adequate remedy. The Code has not obliterated the well-established distinctions between courts of equity and of law. (Fraley v. Peters, 12 Bush, 469.)

The plaintiff who brings his action in the wrong forum may amend and move to transfer to the proper court; but no authority is given to the *defendant* to move the transfer for the error of the plaintiff, and he ought not to be deprived of his right to trial in a proper forum by the error of his adversary. (Civil Code, secs. 8, 9; Cobb v. Stewart, 4 Met., 255; Newman on Pleading and Practice, p. 236.)

Where the court has jurisdiction of the subject-matter, an error as to the form of action adopted does not authorize a dismissal of the action. It should be transferred to the proper docket. (Landsdale v. Mitchell, 14 B. M., 348; Foster v. Watson, 16 B. M., 377; 15 B. M., 138; 12 Bush, 469.)

Defendant is entitled to have legal issues tried by jury. (Meek v. McCall, 80 Ky., 371; Ouger v. Walker, 7 Bush, 1; Harold v. Howard, 80 Ky., 51.)

The court having no jurisdiction over the subject-matter, its judgment is a nullity. Consent can not give jurisdiction. (Wickliffe v. Dorsey, 1 Dana, 462; Brown v. Crowe, Hardin, 448; Fidler v. Hall, 2 Met., 461; Barton v. Barton, 80 Ky., 212; Stark v. Thompson, 3 J. J. Mar., 299; Brown v. McKee, 1 J. J. Mar., 472; Moran v. Masterson, 11 B. M., 261; Newman, p. 54.)

3. All who became members of a mutual assurance association must acquaint themselves with its charter and by-laws, which become a part of the contract. (Bauer v. Sample Lodge, 102 Ind., 262; Fugure v. Society, 45 Vt., 368; Simrall v. Insurance Co., 18 Iowa, 319; Call v. Insurance Co., 18 Iowa, 425; Coleman v. K. of H., 18 Mo., 189; Mitchell v. Insurance Co., 57 Pa., 402; People v. Society, 28 Mich., 261; Supreme Lodge v. Knight, 18 Ins. Law J., 337; Niblack on Insurance, secs. 124, 166; Poultney v. Bachman, 31 Hun., 40.)

And as the charter and by-laws of defendant are engrafted on and made part of the certificate sued on, and exhibited by plaintiff, they are before the court by plaintiff's plea for all intents and purposes of pleading.

4. Associations and corporations have a right to change their by-laws when the welfare of the corporation or association requires it. (Richardson v. Society, 58 N. H., 187; Corn v. Mayer, 5 Watts, 152; Society v. McVay, 92 Penn., 510; Hussey v. Gallagher, 51 Ga., 86; Stooler v. Grand Lodge, 3 Am. Law R., 589; Supreme Lodge K. of P. v. Knight, 18 Ins. Law J., 339.)

5. Parties to an insurance contract can limit the time in which suit may be brought. (Riddleberger v. Insurance Co., 7 Wall., 386; Chambers v. Insurance Co., 57 Conn., 17; Tasker v. Insurance Co., 58 N. H., 469; May on Insurance, sec. 478; Williams v. Vt. Ins. Co., 20 Vt., 222; Angell on Limitations, p. 16, note; Insurance Co. v. Aiken, Va. Law J., 1886, p. 714; Virginia F. & M. Ins. Co. v. Wells, Trustee, 17 Ins. Law J., 261; Moore v. State Insurance Co., 17 Ins. Law J., 150.)

If the prescribed time be suffered to elapse without suit, a new promise or acknowledgment will not revive the cause of action. (May on Insurance, sec. 482; Williams v. Insurance Co., 20 Vt.; Brown v. Savannah Mut. Ins. Co., 24 Ga., 97; Brown v. Insurance Co., 7 R. I., 301; Willson v. Ætna Insurance Co., 27 Vt., 99; Barton v. Buckeye Insurance Co., 26 Ohio, 467; Arthur v. H. Ins. Co., 78 N. Y., 462.)

6. The court erred in dismissing the counter-claim.

SAME COUNSEL IN PETITION FOR REHEARING.

1. The facts stated in defendant's answer are admitted by the demurrer to be true; and all inferrences favorable to defendant must be drawn,

for the admission of facts by a demurrer is equivalent to proof by a witness in open court.   (Francis v. Wood, 81 Ky., 16.)

2. The charter of defendant is pleaded in this case by plaintiffs, and is before the court, and should be considered in determining the case.

3. Under the old chancery practice, which still obtains under our Code of Practice, the defendant was not required to answer interrogatories contained *in the body of the petition*, but was compelled to answer only direct interrogatories subjoined to the petition, and noted by numbers, as provided by sections 140 and 143, Civil Code.   (Burnett v. Garnett, 18 B. M., 681.)

Defendant can not be charged with willful evasion, because it did not volunteer to do what the Code does not require.

4. The defendant would have had no right to pay one of several co-equal claimants in full, and leave the others unpaid.   By an express provision of its by-laws, " where the fund is not sufficient to pay in full, it shall be distributed pro rata, and such distribution shall be received in full satisfaction."

**W. O. HARRIS for appellees.**

1. The only way to take advantage of an error in the form of the proceedings is by motion to transfer, made in the court below, and a failure to move is a waiver of the objection.   (Trustees v. Forrest, 15 B. M., 168 ; Frazier v. Naylor, 1 Met., 593 ; Fraley v. Peters, 12 Bush, 469.)

2. Denials in the conjunctive are bad.   (Preston v. Roberts, 12 Bush, 570 ; Taylor v. Farmer, 81 Ky., 463.)

3. Under the stipulations of the policy, which must control, the eight hundred dollars paid by defendant can not be pleaded by it as payment in full.   The company having undertaken to pay to plaintiff the amount realized from the assessment, not exceeding three thousand dollars, can not excuse itself from paying plaintiff, upon the ground that it has divided the sum thus realized among other policy-holders equally needy.

The by-law relied upon by defendant as modifying the contract is not pleaded.   Besides, it does not conform to the " letter and spirit" of the policy, and is, for that reason, not valid.

4. While clauses limiting the time for suing are valid, such contract limitations can have no greater force than a statute, and where payments have been made the statute of limitation does not begin to run until the time of the last payment.   (Hopkins v. Stout, 6 Bush, 379; English v. Wathen, 9 Bush, 388.)

The limitation in the policy is also inconsistent with the charter, which limits a recovery to twelve months after *refusal to pay*.   (Acts 1883-4, vol. 1, p. 114.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant issued to William A. Turner, now deceased, a certificate of membership in its company, by which it agreed to insure his life for the benefit of the appellees. Said insurance was on the mutual benefit plan, and entitled the appellees, upon the death of said William A. Turner, provided he kept his premiums and mortuary assessments paid up, to receive pay from the appellant, not exceeding three thousand dollars, provided the mortuary assessments on the policies then in force, according to the graduated plan as provided in a table attached to said policy, would amount to as much as three thousand dollars.

It is alleged, and not denied, that said William A. Turner, in his life-time, complied with all the requirements of said certificate, and, consequently, the appellees were entitled to the benefits of the same; and they had made proper proofs of death, and had presented the same to the appellant, accompanied with a demand of payment; and the appellant had paid eight hundred dollars and two hundred and two dollars and twenty-nine cents, but had refused to pay the balance of said sum of three thousand dollars. The appellees also alleged that they did not know whether the appellant had made the assessments upon the holders of certificates then in force for the purpose of paying said policy in full; but if it did make said assessment, it yielded more than enough to pay said three thousand dollars. The appellees called upon the appellant to state the number of members it had at the time it should have made the assessment, and the amount that was assessed on each, and that was

realized, or should have been realized, for the benefit of the appellees. The appellant, in its answer, does not state the number of members it had liable to assessment, nor the amount that each member was assessed for the purpose of paying said policy. It says that it did make assessments on all of the holders of certificates then in force, according to the table of graduated assessment rates, for the purpose of paying the appellees' and eight other certificates; that the fund raised by said assessments was paid pro rata on said certificates, the appellees' pro rata amounting to the above-named credits, which was all that they were equitably entitled to receive.

It will be seen that it is alleged, in substance, that there were members enough in said company holding live certificates, had they been assessed according to the graduated plan of assessment, to have paid the maximum amount of the appellees' policy, and the appellant is called upon to state the number of members subject to assessment, and the amount of the same. The appellant failed to answer this interrogatory, but stated that it did make assessments to pay this and eight other policies, and the same aggregated the sum of twenty-nine thousand five hundred dollars, which was equitably prorated among the nine policies. These allegations did not respond to the interrogatories and the allegations of the petition in reference to that matter. Besides, the allegations of the answer in reference to said matter are wholly evasive. It is not stated what amount was assessed to pay the appellees' policy, or what amount was assessed to pay either of the other policies, or what

was the amount of either policy. The statement that the appellees received as much as they were equitably entitled to receive was a mere conclusion of the pleader. It is certain, according to the allegations of the pleadings, that no certificate could have been issued for an amount exceeding three thousand dollars, but could have been issued for a less amount; and presuming that each of the nine certificates called for three thousand dollars as the maximum amount, the aggregate sum would be twenty-seven thousand dollars, and the answer admits that twenty-nine thousand five hundred dollars was assessed on said deaths, apparently enough to pay the maximum sum of each certificate in full. Why only eight hundred dollars was the appellees' pro rata is not explained. Also, the appellant, as far as appears from the pleadings, had no right to prorate the sum raised by the assessments. The appellees, as far as appears from the pleadings, were entitled to an assessment on all the members subject to it for the purpose of paying the amount of their policy, and each of the others was entitled to an assessment for the same purpose, and it was not right to prorate the sums thus raised among the beneficiaries.

The appellant relies upon the agreement contained in the policy, not to bring suit on the same after the lapse of one year from the death of the insured, as a bar to the appellees' action; and the same having been brought after the lapse of one year from the death of the insured, it should have been dismissed. The death of the insured was proven, and the appellees' claim was presented to the appellant for acceptance and payment within said year, and the appellant

accepted it, and agreed to pay it within said time, and did actually pay a part of it. It is well-settled that parties may make a binding agreement as to the time in which an action shall be brought for a violation of their contract, which agreement will have the same effect as the statutory period of limitation in such cases. It is well-settled that a partial payment on a demand takes the case out of the statute of limitations as to the balance of the demand, and the statute as to said balance commences to run only from the day of said payment. A contract limitation is governed by the same principle, and the partial payment will take the case out of the agreed period of limitation, and the same will commence to run again from the time of said payment.

The action was brought in equity, and the appellant contends that it ought to have been brought at law, consequently a court of equity had no jurisdiction of it, and the same should have been dismissed. It is sufficient to say that the Civil Code has changed the old chancery rule upon that subject. By said Code, it is the duty of the court not to dismiss the action, but, on the motion of the defendant, when he files his answer, or on the court's own motion, to transfer it to the proper docket or court. The plaintiff may also move said transfer. And if neither party moves to transfer it, and it is not transferred on the court's motion, it is the duty of the court to render judgment according to the rights of the parties. Neither of the parties made a motion to transfer, nor was a transfer ordered by the court; instead, the court rendered judgment for the full amount claimed. This was right.

The judgment is affirmed.