## Reynolds, et al. v. Binion, et al.

(Decided October 16, 1917.)

### Appeal from Elliott Circuit Court.

1. Ejectment—Action—Where a petition for the possession of land and to quiet plaintiff's title thereto, avers defendant is in possession, the action is in ejectment and one at law, although the form of the petition is in equity.

2. Champerty and Maintenance—Ejectment—Pleading—Material Allegations.—By section 212, Kentucky Statutes, a defendant in an action of ejectment is given the option, either to take advantage of the champerty statutes under the general issue or to plead champerty in bar of the action. Where he elects to plead, his allegations of champerty are material and, unless traversed, are to be taken as true.

3. Appeal and Error—Reversal—Action—Judgment.—Where an ordinary action was erroneously filed in equity and not transferred,

upon a reversal, the judgment of the chancellor must be treated as the verdict of a properly instructed jury.

J. J. C. JOHNSON for appellant.

A. T. REDWINE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellees, plaintiffs below, filed this action, in which they sought to recover the possession of a tract of land of about seventy-five acres, situated in Elliott county, and damages for its wrongful detention. It was alleged in the petition that plaintiffs were the owners, and entitled to the possession of the land; and "that the defendants are setting up wrongful, and without right, some sort of a claim to said land, and, in fact, are now without right in possession of same, and these pretended claims to said land are a cloud upon plaintiffs' title." The petition is styled "Petition in Equity," and its prayer asked that plaintiffs be adjudged to be the owners of the land and entitled to its possession; that the cloud be removed from their title, and that they be quieted in the possession and title to the land.

Since the petition alleged that the defendants were in possession of the land, although it was filed in equity, the action was nevertheless in ejectment and therefore purely an ordinary action. In order to sue in equity to quiet title, it is essential that plaintiffs be in possession of the land. Harris v. Smith, 2 Dana 10; Coppage v. Griffith, 40 S. W. 908, 19 R. 459; Layne v. Ferguson, 68 S. W. 656, 24 R. 444; Floyd v. L. & N. R. Co., 80 S. W. 205, 25 R. 2147; Fields v. Couch, 169 Ky. 554; section 11, Kentucky Statutes.

The defendants answered, denying plaintiffs' ownership of the land and asserting title in themselves, and the affirmative allegations of the answer were traversed by reply. Proof was taken by deposition and, after the depositions had been filed, defendants filed, without objection from plaintiffs, an amended answer for the purpose, as stated therein, of conforming the pleading to the proof, which contained a plea of champerty and further allegations that four of the title bonds, under which plaintiffs were claiming title, were executed by married women whose husbands did not join, and that the title bonds were, therefore, void. Neither of these affirmative pleas was traversed. The case was sub-

mitted, and the court rendered judgment, awarding to plaintiffs the title and possession of the land, except forty acres thereof, which was adjudged to defendants; and from this judgment defendants have appealed.

Appellants insist that, inasmuch as the plea of champerty was not denied, it stands confessed; and that the petition should have been dismissed upon the pleadings, since, section 210, Kentucky Statutes, provides that all sales or conveyances of lands, or the pretended right or title to same, of which any other person at the time of such sale, contract or conveyance, has adverse possession, shall be null and void. Section 212, Kentucky Statutes, provides:

"The person in the adverse possession, according to the provisions of sections 210 and 211 of this chapter, his personal representatives, heirs or assigns, or the person under whom such occupant claims or holds, his personal representatives, heirs or assigns, may give in evidence under the general issue, or may plead the sale or purchase of any pretended right or title in violation of the 210th section of this chapter, or any contract or agreement made in violation of the 211th section of this chapter, in bar of any suit or action against them to recover the possession of title to the land so held."

It has frequently been held by this court that champerty may be taken advantage of, whether pleaded or not, when the facts justify it. Krauth v. Hahn, 23 R. 1261, 65 S. W. 18; Keaton v. Sublett, 109 Ky. 106, 58 S. W. 528; Shaw v. Revel, 21 R. 348, 51 S. W. 566. If, as has been held in these cases, a defendant in an action of ejectment may take advantage of the champerty statute, whether pleaded or not, the question naturally arises: Is it necessary for the plaintiff to traverse such plea when made, although it was not necessary to have been made? Since section 126, Civil Code, provides that, unless specifically traversed, every material allegation of a pleading must, for the purpose of the action, be taken as true, and as it has been held that it was not necessary for the defendant to plead champerty, in order to take advantage of it when the facts justified it, it would seem, upon a mere statement of the proposition, that the plea was not a material allegation and need not therefore be denied; but, this conclusion does not follow. Section 212, Kentucky Statutes, which authorizes the defendant to take advantage of the champerty statute under a general plea, also provides "or may plead the

sale or purchase of any pretended right or title in viola-
tion of the 210th section of this chapter, . . . in bar
of any suit or action against them to recover the posses-
sion or title to the land so held.'' The statute plainly
gives to the defendant the option either to introduce
and rely upon evidence of champerty under the general
plea, or to set up the plea as a defense to the action.
The statute having given him the right to plead cham-
perty, and provided that when properly pleaded it con-
stitutes a bar to the action, it is, therefore, a material
allegation, which, unless denied, is to be taken as true
for the purposes of the action. Section 127, Civil Code,
provides that ''A material allegation is one which is
necessary for the statement or support of a cause of
action or defense.''

To hold that allegations of champertous transactions
need not be denied, because the defendant does not have
to plead them, would annul the provisions of the statute,
which permits him to plead champerty as a defense.
Therefore, under our statute, while the defendant need
not plead champerty in order to take advantage of it,
if he does plead it in bar of the action, the plea must be
traversed or it will be taken as true.

Since, in the case at bar, the defendants pleaded
champerty as a defense to the action, and the plaintiffs
did not deny the plea, it follows that, upon the pleadings,
the plaintiff was not entitled to recover, and the judg-
ment must be reversed.

Inasmuch, however, as the cause of action stated in
the petition is one in ejectment, and not an action to quiet
title, the suit should have been in ordinary and not in
equity. The judgment of the chancellor must, therefore,
be treated as the verdict of a properly instructed jury,
although the action was not transferred to the ordinary
docket, as might have been done under section 10, Civil
Code. Kentucky Mutual Security Fund Co. v. Turner,
89 Ky. 665, 13 S. W. 104; Kineon v. Rich, 100 S. W. 249,
30 R. 1107; Fraley v. Peters, 12 Bush 469; Louisville,
&c., Railway Co. v. Taylor, 96 Ky. 241.

As upon another trial the issues may be completed
and new evidence introduced, we have not considered the
other questions raised.

Wherefore, the judgment is reversed and cause re-
manded for a new trial not inconsistent with this opinion.