## Lipps et al. v. Marcum.

April 21, 1944.

226

A. D. Hall, Roy House, and Wm. Rice for appellants.

A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellee, G. C. Marcum, filed this action against Joe Lipps and others to recover $1000 for timber which he averred defendants wrongfully cut from a tract of land described in the petition and to enjoin them from further trespasses. Lipps filed his separate answer and counter-claim, the first paragraph of which was a traverse and the second was a plea of adverse possession. A reply completed the issue.

During the litigation an agreed order was entered permitting timber to be cut from the land and the proceeds held in bank. The chancellor decided that the plaintiff had title to the land and permanently enjoined defendants from trespassing thereon, and directed that the money held by the bank representing the proceeds of the timber cut be paid to plaintiff's attorney. All the defendants appealed although all of them except Lipps are merely nominal parties, since they were employed in cutting the timber from the land to which he claimed title.

Both parties trace their titles back to a common source, Lee Congleton. Lipps proved that on February 16, 1920, he purchased the land in dispute which contained 77 acres at $3 per acre from Lee Congleton, and

on that day delivered to Lee's son, Claude, a wagon valued at $75 as part payment on this land; that soon thereafter a title bond executed by Lee Congleton and wife was delivered to him under which he took possession of the land; that the title bond was lost and never recorded; that Lee and his company, Elk Stave & Lumber Company, became bankrupt and Lee went away and later died and although Lipps never paid the balance of the purchase price, he is now willing to do so. It was further proved that Lipps cleared, cultivated and fenced a garden on this land of an acre or two and that the boundary was marked when surveyed by J. M. Culton on December 29, 1919, and Lipps has been in possession of this land since 1920.

Marcum's testimony is to the effect that he purchased this land from Martin T. Kelly by deed of March 12, 1929, and Kelly obtained title from Lee Congleton and wife by deed of date February 20, 1928. The deed from Congleton to Kelly recites that it is in satisfaction of a judgment Kelly recovered against Congleton in the Clay Circuit Court. The deed to Kelly, as well as the one to Marcum, conveys "all the right title and interest" of the grantor and the covenant is one of special warranty.

Defendants attempt to make much of the fact that plaintiff's title comes through deeds containing only a special warranty. But the weakness of plaintiff's paper title avails Lipps nothing as he must depend upon the strength of his own title and not upon the weakness of his adversary's title.

Marcum argues that this court in Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112, upheld Kelly's title to this land, therefore that opinion is conclusive against Lipps. But he loses sight of the fact that the Rice case only sustained Kelly's title against the trustee in bankruptcy of the Elk Stave & Lumber Company and that Lipps is asserting title by adverse possession; therefore, the Rice opinion is of no help to Marcum here.

The instant case turns upon a question of fact as to whether Lipps was in possession of the land when Marcum obtained his deed from Kelly, thereby bringing in the champerty statute, KS Sec. 210 (KRS 372.070) as a bar against Marcum. If Lipps was in possession at that time, Marcum's deed was of no effect as it ran afoul of the champerty statute. If Lipps was not in

possession at the time Marcum purchased this land in 1929, he could not have obtained title by adverse posession since only 11 years elapsed between that time and the bringing of this suit in 1940. As is argued in his brief, the fact that Lipps did not plead Marcum's deed was champertous does not prevent him from relying upon the statute as a defense. Reynolds v. Binion, 177 Ky. 189, 197 S. W. 641; Arrington v. Sizemore, 241 Ky. 171, 43 S. W. (2d) 699, 705.

In Lanham v. Huff, 228 Ky. 139, 14 S. W. (2d) 402, it is said that as the champerty statute is of a penal nature it should not be applied unless the evidence is clear and convincing and that each case must be determined upon its own facts.

There is a direct conflict between the testimony of Marcum and of Lipps. The latter testified he was in possession of this land and had a small garden of an acre or so fenced at the time Marcum obtained his deed in 1929. Marcum testified Lipps was not in possession of the land and had no garden fenced on it when he (Marcum) bought it; but soon thereafter Lipps did erect a stave fence below a garden spot. Lipps' farm adjoins this land and while three of his witnesses, Begley, Hubbard and England, testified he had been in possession of it for more than 15 years, none of them state of what his possession consisted, nor does any one of them mention the fact that he had fenced a garden on this land. So their testimony was of no great value. However, Myers and Smith do corroborate Lipps in that he had a garden fenced on this land when Marcum bought it.

J. M. Culton surveyed the land on December 29, 1919, and marked on the timber the lines of his survey. But Myers and Smith, witnesses for Lipps, testified that the timber did not go all the way around the land and the marks on timber were only on one side of it. Claude Congleton in testifying for defendants could not say that Lipps was placed in possession of the land upon it being surveyed. Claude's testimony was rather indefinite.

Marcum testified that the first and only time Lipps ever asserted any claim to this land was in 1930 when he cut some timber therefrom and Marcum enjoined him. The court house burned and destroyed the papers and the case never went to judgment. Lipps did not take the stand to rebut this testimony, and it is more

than likely the undisputed fact that Marcum enjoined Lipps from cutting timber on this land in 1930 had much to do with the chancellor rendering judgment in favor of Marcum.

The evidence given on behalf of Lipps is hardly of the clear and convincing type which the Lanham opinion, 228 Ky. 139, 14 S. W. (2d) 402, says is necessary in order to invoke the champerty statute. Under the familiar rule that we will not disturb the finding of fact of the chancellor on conficting testimony, unless it is clearly against the weight of the evidence, the judgment is affirmed.