## Prewitt et al. v. Supreme Council Of Royal Arcanum.

May 14, 1946.

Reid Prewitt, F. C. Bryan and Allen Prewitt for appellants.

M. C. Redwine and H. V. McChesney for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action on a certificate of insurance in the sum of Two Thousand Dollars issued to Judge Henry R. Prewitt and payable upon his death to his three sons, the appellants herein. The lower court determined the issues adversely to the beneficiaries and they appeal.

The certificate on which the action is based was issued on the 19th day of December 1903, by the appellee, a fraternal order. At that time the beneficiaries named were Thomas G. Prewitt and Allen Prewitt, Jr., H. Reid Prewitt being born after the date the certificate was issued. After the birth of H. Reid Prewitt the insured requested that he be included as an additional beneficiary and surrendered the 1903 certificate for this purpose. In March 1909 the certificate was reissued similar in every respect to the original one except that the additional beneficiary was named.

The insured kept the policy in force until June 1933, but at that time the policy lapsed for non-payment of the premiums.

Judge Prewitt died February 15, 1939, and this suit was filed January 17, 1944. The learned judge of the lower court delivered a memorandum opinion which is as follows:

"On the 19th day of December, 1903, the Supreme Council of The Royal Arcanum, a fraternal order, issued to the late Judge Henry R. Prewitt, a certificate of insurance in the sum of Two Thousand ($2000.00) Dollars payable upon his death to his sons, Thos. G. Prewitt and Allen Prewitt, Jr., and in March 1909, at the request of Judge Prewitt, this certificate was canceled and reissued similar in all respects to the original certificate except his son, H. Reid Prewitt, Jr., was also made a beneficiary. The premiums on this certificate were paid by Judge Prewitt until June, 1933, after which time he made no further payments on same and the certificate of

insurance was canceled by the Fraternal Order for that reason. After the death of Judge Prewitt, which occurred on February 15, 1939, his personal representative tendered to the local secretary of the Order a sufficient amount, as he contends, to reinstate the certificate. This tender was refused.

"On January 17, 1944, this suit was instituted by the three sons of Judge Prewitt, who are the beneficiaries in the last issued certificate aforesaid, against the defendant, The Supreme Council of the Royal Arcanum, to recover the amount named in the certificates aforesaid. The re-issued certificate in 1909 was lost after the death of Judge Prewitt but it is agreed that the reissued certificate is identical in terms with the first issued certificate except as to the additional beneficiary.

"In this litigation the plaintiffs take the position that the payments made by Judge Prewitt from the time of the issue of the original certificate to the time that he ceased making payments on same constituted a sufficient reserve to carry and keep in force this insurance until the date of his death.

"The defendant takes the position that the certificate was only a straight life insurance policy and that the payments as made were only sufficient to keep the policy in force and were not sufficient to, nor did they, create any reserve whatsoever, and that upon the failure of Judge Prewitt to pay the premiums the certificates lapsed.

"The defendant further pleads that both the original certificate and its re-issue contained in its face a provision that no suit could be instituted upon same unless such suit was brought within three years after the accrual of the cause of action on same, and which, of course, insofar as this action is concerned, was the date of the death of Judge Prewitt. This suit was brought nearly five years after the date of the death of Judge Prewitt, and the defendant has plead as a bar to this action the limitation period as set up in the face of the contract. As opposed to this position taken by the defendant the plaintiffs plead that prior to the execution of the certificate of insurance in question the Court of Appeals of Kentucky had held that any contract which undertook to alter or abridge periods of limitation as fixed by the Statutes of Kentucky, are void and especial-

ly referred in the pleading to the case of Union Central Life Insurance Company v. Spinks, 119 Ky. 261 (83 S. W. 615, 84 S. W. 1160, 69 L. R. A. 264, 7 Ann. Cas. 913). The defendant insists that the position taken by the plaintiffs is untenable, and we are therefore met at the threshold of this litigation with the question as to whether or not this suit is barred by the three year period of limitation as set forth in the certificate; and assuming that the plaintiffs are correct in their contention that all contracts must be construed with reference to the opinions of the Court of Appeals in force at the time of the making of such contracts, it becomes necessary to discuss chronologically the opinions of the Court of Appeals on the matter in question. Obviously this action is not barred by limitation of the provision for the three year period of limitation set forth in the certificate may not be upheld.

"In the case of Kentucky Mutual Security Company v .Turner, etc., (a suit upon a life insurance contract), 89 Ky. 665 (13 S. W. 104, 105), decided March 6, 1890, our Court of Appeals said:

" 'It is well settled that parties may make a binding agreement as to the time in which an action shall be brought for a violation of their contract, which agreement will have the same effect as the statutory period of limitation in such cases.'

"In the case of Smith v. Herd (et al.), 110 Ky. 56 (60 S. W. 841, 1121), decided February 20, 1901, and which was a suit upon a fire insurance contract, the Court said: (quoting from the syllabus)

" 'A provision in a policy of insurance limiting the time within which an action may be brought to a period less than that fixed by the statute of limitations is valid.'

"In this case the question of contractual limitation periods was fully discussed and three Judges of the Court of Appeals dissenting from the majority opinion filed a dissenting opinion.

"On December 9, 1904, the Spinks case, supra, was determined, and in that case (quoting from the syllabus) the Court said:

" 'A provision in a life policy to the effect that no suit shall be maintained thereon, unless begun within 1 year from the death of insured, is void, as in contraven-

tion of public policy; the statute prescribing a period of 15 years for actions on such contracts.'

"In the case of Burlew v. Fidelity & Casualty Co. of New York (et al.), 276 Ky. 132 (122 S. W. 2d 990, 121 A. L. R. 751), decided December 16, 1938, our Court overruled the Spinks case, supra, and reaffirmed the rulings in the Smith and Kentucky Mutual Security Fund Company cases heretofore referred to.

"In the case of Johnson v. Calvert Fire Insurance Company, 298 Ky. 669 (183 S. W. 2d 941), decided November 28, 1944, the right to contract against statutory periods of limitation was again affirmed by our Court of Appeals, and it may not be doubted that at the time of the institution of this action the law of Kentucky upon the question at issue insofar as it may be determined by the Court of Appeals permits parties to contract, reasonably, against statutory periods of limitation.

"As the Spinks case was not decided until nearly two years after the contract of insurance in question was entered into, it is obvious that the plaintiffs may not rely upon the rule of law as set forth in that case. It is unnecessary to determine, and I am not undertaking to determine by this Memorandum, that between the date of the rendition of the opinion in the Spinks case and the date of the overruling of same by the Burlew case that parties could not contract against the statutory periods of limitation. In view of the situation it is not necessary that this be done; but accepting the theory of the plaintiffs as correct, I am forced to the conclusion that this action is barred by the three year period fixed in the certificate of insurance. The conclusion that I have reached renders unnecessary a discussion of the other questions involved."

Appellants vigorously argue that the application of the three year limitation contained in the contract of insurance is erroneous because the certificate was reissued in 1909, after the decision in the case of Union Central Life Insurance Company v. Spinks, 119 Ky. 261, 83 S. W. 615, 84 S. W. 1160, 69 L. R. A. 264, 7 Ann. Cas. 913, which held that it was contrary to the public policy of this state to contract for a shorter period of limitation than provided for by statute. With this we cannot agree.

The policy sued on was issued in 1903, prior to the

decision in the Spinks case which was decided December 9, 1904, and at the time such policy was issued the law in this state with reference to contractual limitations as to time in which suit may be brought was the same as it is today. Kentucky Mutual Security Fund Company v. Turner, 89 Ky. 665, 13 S. W. 104, and Smith v. Herd, 110 Ky. 56, 60 S. W. 841, 1121.

As pointed out in the opinion of the lower court, the Spinks case was overruled by the case of Burlew v. Fidelity & Casualty Co. of New York, 276 Ky. 132, 122 S. W. 2d 990, 121 A. L. R. 751, and the right to contract against statutory periods of limitation was again approved. This last opinion was approved by this court in the case of Johnson v. Calvert Fire Insurance Company, 298 Ky. 669, 183 S. W. 2d 941, and we take this occasion to reaffirm the principles set forth therein.

It is now the well settled law in this state that parties, dealing at arm's length, may contract for a limitation shorter than that provided by statute, so long as the period provided for is a reasonable one.

We have considered each of the contentions of the appellants but find ourselves in accord with the views expressed in the opinion of the lower court.

It follows that the judgment must be and it is affirmed.