# Davis v. Gross.

November 7, 1947.

J. S. Forester, Judge.

Gus B. Bruner for appellant.

J. B. Carter and Astor Hogg for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an action in ejectment brought by the appellant, John Davis, against the appellee, John M. Gross. The appeal is from a judgment on a directed verdict in favor of the appellee given at the conclusion of the evidence introduced by the appellant.

Davis alleged that he was the owner and entitled to the possession of Lots 14, 15, 16 and 17 in Block 4 of the Ivy Hill Addition to Harlan, which included a small strip of land lying between Clover Fork River and the county road. This strip is within a prolongation or extension of the exterior lines of the lots just mentioned. It was charged also that Gross was wrongfully in possession of the strip of land lying between the river and the road. Gross denied the allegations of the petition and pleaded that he was the owner and in possession of the strip of land in dispute; Davis was estopped from making any claim to the property because of his knowledge and acquiescence when Gross purchased the property in 1945; and, in the event it should be adjudged that Davis was entitled to the property, he should be permit-

ted to recover for improvements placed thereon. Davis assumed the burden of proof and traced the title to his lots back to a deed executed by the Coombs Land Company in 1922. This Company had laid out the subdivision. The deed in the appellant's chain of title expressly recited that only a quitclaim or release deed was made to the strip of land in dispute. In attempting to show that Gross' title sprang from a common source, namely, the Coombs Land Company, Davis introduced deeds dating from 1922 to Lots 12 and 13, which adjoined the lots owned by him. The deed executed by the Land Company in 1922 to Lots 12 and 13 contained the same quitclaim or release provision to the part of Lots 12 and 13 lying between the river and the road as did the deed to the lots owned by the appellant. Between 1923 and 1936 the deeds in the appellee's chain of title called for an extension of Lots 12 and 13 and gave the following description: "Beginning on a planted stone on the south side of Clover Fork County Road; thence southward course to the meanders of Clover Fork River; thence with meanders of said river 50 feet up said river, eastwardly course; thence northwardly to said county road to a planted stone; thence westwardly and with the south line of the County Road 50 feet to the place of beginning."

In 1936, S. M. Ball executed a deed to J. M. Tolliver which called for Lots 12 and 13 and gave the same description as was given in the 1923 deed. In 1945, an undated deed was recorded under which Tolliver conveyed the following described property to the appellee: "Beginning on a sycamore on South side of County highway and running with the highway to Lynn Hollow; thence South with Lynn Hollow to Clover Fork about 30 feet; thence with the Clover Fork East about 44 feet to a stone; thence North about 30 feet to a sycamore, the beginning corner, at edge of county road." This deed recited that the property had been conveyed to Tolliver by Ball in 1936. The appellant traced the title to his lots back to a deed executed by the Coombs Land Company in 1922, but it is obvious from what has been said that he traced the appellee's title to a deed executed by the Land Company in 1922 to Lots 12 and 13. There is no question but that the property which Tolliver conveyed to the appellee in 1945 is the

property in dispute. As we will note hereinafter the appellant admitted that Tolliver was on the property when he obtained his deed in 1937.

The appellant takes the position that he traced both his and the appellee's title to a common source, and, therefore, it was unnecessary for him to trace his title back to the Commonwealth. On the other hand, the appellee takes the position that the appellant merely traced the two titles to a common grantor, and cites authority in support of the proposition that it is necessary in such a case to trace title to a common source, not merely to a common grantor. Since we think the case turns upon the question of champerty, we shall confine our consideration of the case thereto. At most, the common grantor only executed a quitclaim or release deed to the part of all the lots mentioned in the evidence as lying between the river and the road.

The appellee did not plead that the appellant's deed was champertous because Tolliver or his tenant was in possession of the tract in dispute when he obtained his deed in 1937, but this did not prevent him from relying upon the statute, KRS 372.070 as a defense. Lipps v. Marcum, 297 Ky. 225, 179 S. W. 2d 884. Davis admitted that Tolliver had a renter on the disputed tract when he purchased his lot in 1937. He said also that it was not until he had the survey made in 1936 that he knew his deed called for any land between the river and the road. He knew that Gross was building a store building on the disputed tract, but he said nothing to him about it until after the survey was made. Not only was Davis' deed champertous, but he should not now be permitted to question Gross' title when he stood by and watched him place valuable improvements on the land without making known his claim to the land.

For the reasons given we think the judgment should be and it is affirmed.