### MARTIN v. GAYHEART et al.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Clark Pratt, Hindman, for appellant.

Grannis Bach, Jackson, Afton Smith, Hindman, for appellees.

DUNCAN, Justice.

This action involves a dispute concerning the location of the dividing line between adjoining boundaries of land owned by appellant and appellees in Knott County on the waters of Troublesome Creek. Under the location adopted by the Chancellor, a part of the land claimed by appellees is located on appellant's side of the line, but it was adjudged that appellant was estopped to assert title thereto because he permitted appellees and their ancestors in title to erect substantial improvements without protest on his part.

Appellant was formerly the owner of a large boundary which included the land now claimed by appellees. On April 4, 1908, he conveyed to Eastern Kentucky Realty Company a tract containing 97.71 acres, and appellees, by mesne conveyances, are now the owners of that land. The first two calls of that deed are as follows: "Beginning on a beach near the mouth of a small drain in the edge of the road and corner to the lands of Silas E. Boggs, beginning corner of two patents in the name of George Martin, one for 200 acres and one for 50 acres; thence up the county road south 20 west 480 feet to a stake; thence south 25 east 805 feet to a black walnut." Subsequent conveyances in appellees' chain of title do not conform to these calls. On May 1, 1935, J. F. and M. W. Fiesenmer, the immediate grantees of Eastern Kentucky Realty Company, conveyed the same boundary to H. H. Smith, therein describing the land by reference to their deed. On April 2, 1942, Smith conveyed to H. H. Fuller, appellees' immediate grantor. In this conveyance, the degrees and distances

for the first two lines as shown in the Eastern Kentucky deed were omitted. The land was there described as "beginning in the old county road on the old line between Boggs and Martin; thence with the meanders of the old road up Troublesome Creek to near the mouth of Lick Branch to the line of Sherd Martin."

On July 8, 1946, the appellees purchased from Fuller, and the latter deed followed the description given in the deed from Smith to Fuller. It is apparent, and in fact is conceded by the parties, that the latter two deeds in running with the old county road from the beginning corner to near the mouth of Lick Branch include all of the land claimed by appellees. It is equally as apparent that the deed by which appellant conveyed to Eastern Kentucky Realty Company does not include all of the land in controversy, and Smith and Fuller, by their deeds, in part conveyed land to which they had no title.

No useful purpose could be served by a detailed discussion concerning the evidence relied on by the parties as supporting their locations of the line in controversy. As is usual in cases of this type, the evidence concerning the location of various monuments and objects is both conflicting and confusing. On this phase of the case, we are convinced that the evidence amply supports the Chancellor's location of the line. This leaves for consideration the question of estoppel.

■ The evidence discloses that after Fuller purchased from Smith he began substantial improvements on the portion of the land which is in dispute. After appellees acquired title, the improvements were continued, and there is now located upon the land two houses, a barn, a storehouse, a well, an outdoor toilet, and an orchard. The lower court found that appellant had permitted the improvements without protest and with full knowledge that they were being made. It was, therefore, declared that appellant was estopped to assert title to the land within the boundaries of the Smith and Fuller deeds.

Appellant insists that notice was given of his claim of ownership while the improvements were being made by posting a written notice on a small bush located on the disputed boundary. However, it is not claimed that Fuller or appellees ever saw the notice. Appellant's son-in-law also testified that he advised Fuller that he was claiming the land, but this is denied by Fuller. Appellant's evidence in this respect is vague and unsatisfactory, and we concur in the finding that appellant knowingly permitted the improvements without protesting or advising either Fuller or appellees that he was claiming the land.

■ It is a rule of general application in all jurisdictions that one who stands by and sees another enter upon land under a claim of right and permits the entrant to make expenditures or improvements under circumstances which would call for notice or protest cannot afterward assert his own title against such person. As some of the authorities broadly state the principle, one who knowingly and silently permits another to expend money on land under a belief that he has title will not be permitted to set up his own right to the exclusion of the one who made the improvements. The rule is stated in 19 Am.Jur., Section 57, Page 668, Estoppel, as follows:

"The courts are especially disposed to uphold a claim of estoppel by silence or inaction where one party with full knowledge of the facts has stood by without asserting his rights or raising any objection while the other party, acting on the faith of such apparent acquiescence, incurred large expenditures which will be wholly or partially lost if such rights or objections are subsequently given effect. This principle finds frequent application in respect of improvements and expenditures upon real property under a claim of right * * *."

The rule has been frequently applied by this Court under circumstances similar to those shown in this case. Bates v. Hall, 305 Ky. 467, 204 S.W.2d 487; Davis v.

Gross, 305 Ky. 787, 205 S.W.2d 693; and Empire Coal Mining Co. v. Empire Coal Co., 183 Ky. 699, 210 S.W. 474.

The judgment is affirmed.

MOREMEN and CAMMACK, JJ., dissenting.